IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RANDY DOSTER and DENNIS DUTY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:03CV342-M [WO] |
| PHENIX CITY, ALABAMA, et al., | ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

At the close of the plaintiff's evidence during the trial of this case on 26 May 2005, defendants City of Phenix City ["City"], Ronald Blankenship ["Blankenship"], Robert Taylor ["Taylor"], Wallace Hunter ["Hunter"], Jerry Prater ["Prater"], and Kenneth Johansen ["Johansen"] filed a Motion for Judgment As A Matter of Law (Doc. # 66). The court heard extended oral argument on the motion from the defendants and the plaintiffs, and enters this order to affirm the in-court proceedings.

Upon consideration of the motion, the parties' oral argument, and the evidence and record before the court, it is

ORDERED that the motion be GRANTED in part and DENIED in part. For the reasons stated in open court, and reflected in the transcript on file in this case, the court made the following FINDINGS as a matter of law:

1.      The defendants acted under color of law, pursuant to 42 U.S.C. §1983, at all

relevant times.[1]

2. The plaintiffs' speech inherent in their participation as witnesses in the lawsuit filed by Dennis Duty in 2000 was not a matter of public concern.

3. Doster's statements regarding alleged kickbacks received by Blankenship in the form of certificates for purchasing cleaning supplies from Drummond American were a matter of public concern.

4. The plaintiffs' speech in connection with the Phenix lumberyard fire was a matter of public concern.

5. Duty's filing of the instant lawsuit, and his and Doster's participation in it as parties and witnesses are not a matter of public concern.

6. For purpose of assessing liability against the City of Phenix City, Gaylor - and only Gaylor - is the policymaker as that term is defined in cases interpreting liability against municipalities for First Amendment violations.

Accordingly, it is further ORDERED as follows:

1. Duty's First Amendment claim pursuant to 42 U.S.C. §1983, in which he alleges that the defendants retaliated against him for speech involved in the filing of his lawsuit in 2000, is DISMISSED with prejudice as to Blankenship, Gaylor, and the City.

2. Duty's First Amendment claim pursuant to 42 U.S.C. §1983, in which he alleges that the defendants retaliated against him for speech involved in the

---

[1] This finding is based upon the parties' stipulation that the defendants acted under color of law.

      filing of the instant lawsuit, is DISMISSED with prejudice as to Hunter, Prater, and Johansen.

3.    Duty's First Amendment claim pursuant to 42 U.S.C. §1983, in which he alleges that the defendants retaliated against him for his speech concerning the lumberyard fire, was DISMISSED with prejudice as to the City.[2]

4.    Duty's First Amendment claim pursuant to 42 U.S.C. §1983, in which he alleges that the defendants retaliated against him for his speech concerning the lumberyard fire, remained in the case against Hunter, Prater, and Johansen and was decided by the jury.

5.    Duty's claim pursuant to 42 U.S.C. §1985(2), in which he alleges that the defendants conspired to violate his civil rights for his testimony in the lumberyard case, remained in the case as to Hunter, Prater, and Johansen and was decided by the jury.

6.    Duty's claim pursuant to 42 U.S.C. §1985(2), in which he alleges that the defendants conspired to violate his civil rights by retaliating against him for filing and participating in the instant lawsuit, remained in the case against Hunter, Prater, and Johansen and was decided by the jury.

7.    Doster's First Amendment claim pursuant to 42 U.S.C. §1983, in which he alleges that the defendants retaliated against him for his participation in Duty's 2000 lawsuit is DISMISSED with prejudice as to Blankenship, Gaylor, and the

---

[2] Duty did not sue defendant Gaylor, the policymaker.

City.

8. Doster's First Amendment claim pursuant to 42 U.S.C. §1983, in which he alleges that the defendants retaliated against him for his statements regarding Blankenship's receipt of kickbacks, remained in the case against Johansen, Hunter, Prater, Blankenship, Gaylor, and the City and was decided by the jury.

9. Doster's First Amendment claim pursuant to 42 U.S.C. §1983, in which he alleges that the defendants retaliated against him for statements regarding the lumberyard fire, remained in the case against Hunter, Prater, and Johansen.

10. Doster's First Amendment claim pursuant to 42 U.S.C. §1983, in which he alleges that the defendants retaliated against him for statements regarding the lumberyard fire, is DISMISSED with prejudice as against the City.

11. Doster's claim, pursuant to 42 U.S.C. §1985(2), in which he alleges that the defendants conspired to violate his civil rights by retaliating against him for his statements regarding the lumberyard fire, remained in the case against Hunter, Prater, and Johansen, and was decided by the jury.

12. Doster's claim, pursuant to 42 U.S.C. §1985(2), in which he alleges that the defendants conspired to violate his civil rights by retaliating against him and terminating him to deter him from being a witness in the instant lawsuit, remained in the case against Blankenship, Gaylor, and the City, and was decided by the jury.

13. To the extent that the plaintiffs - or either of them - assert(s) a First Amendment claim of freedom of association against any of the defendants, that

claim is DISMISSED with prejudice as against all defendants.

DONE this 15th day of June, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE